IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| **KIMBERLY ANN ALSTON**  ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. RWT 12 CV 2533 |
| ) | JURY TRIAL DEMANDED |
| **GE CAPITAL BANK** ) | |
| ) | |
| Defendant, ) | |
| ) | |
| **JC PENNEY CORPORATION, INC.** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW the Plaintiff, Kimberly Ann Alston, (hereafter the "Plaintiff") and for her complaint against the Defendants GE Capital Bank ("GE") and JC Penney Corporation, Inc. ("JC Penney", collectively the "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, punitive and statutory damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA").

## PARTIES

2. The plaintiff is a natural person and resides in Largo, Maryland. She is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

3. Defendant GE is an issuer of credit and is a "person" within the meaning of the FCRA, 15 U.S.C. §1681a(b).

4. Defendant JC Penney is a retail store and is a "person" within the meaning of the FCRA, 15 U.S.C. §1681a(b).

## FACTS

5. On July 4, 2012 Ms. Alston obtained her credit report from Transunion and discovered that Defendants pulled her credit report without a permissible purpose on February 22, 2012.

6. Ms. Alston does not have an account with the Defendants.

7. The Defendants did not make a firm offer of credit to Ms. Alston.

## COUNT ONE: VIOLATIONS OF FCRA

8. Plaintiff realleges and incorporates paragraphs 1 through 7 above as if fully set out herein.

9. Defendants violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer credit report without a permissible purpose as defined by U.S.C. §1681b(a).

10. As a result of conduct, actions and inactions of Defendants, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: credit repair costs, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

11. Defendants' conduct, actions and inactions were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

12. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants; for her attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

KIMBERLY ANN ALSTON

By *[signature]*

Kimberly Ann Alston
10012 Cedarhollow Lane
Largo, MD 20774
(240) 432-0927
*Pro Se*